**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

TAMARCUS MONTELL SMITH                                                                     PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:15cv275-HTW-LRA

LAUDERDALE COUNTY
AND TONYA ANDERSON                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Tamarcus Montell Smith failed to appear at the omnibus hearing which was scheduled on October 21, 2015, before the undersigned Magistrate Judge. Defense counsel Lee Thaggard, representing Defendants Lauderdale County and Tonya Anderson appeared at the scheduled omnibus hearing, ready to proceed. Plaintiff did not attend the hearing or contact the Court to request a continuance. He was notified of this hearing at the mailing address that he provided to the Court, being the Kemper-Neshoba Regional Correctional Facility, 374 Stennis Industrial Park Road, Dekalb MS 39328. The Order setting the hearing was returned by the United States Postal Service, marked "undeliverable."

Defense counsel informed the Court that he checked the Lauderdale County Circuit Clerk's records regarding Plaintiff and found that a Mississippi Department of Corrections "Notice of Release" was filed in Smith's criminal file on August 20, 2015. The notice indicated that Plaintiff would be released on parole on September 3, 2015. Counsel had no new address for Plaintiff. Defense counsel made an *ore tenus* motion to dismiss based on Plaintiff's failure to prosecute his claims, and he filed the MDOC Notification of Release on October 22, 2015 [16] in support of his request to dismiss.

Plaintiff filed this case, and it was his responsibility to prosecute his claims. He was advised of that responsibility by the Court in that Order [8] filed June 9, 2015, and was warned that his "[f]ailure to advise this Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and

contumacious act by Plaintiff and may result in the dismissal of the case." [See also Order [5] filed May 7, 2015].  He was aware that it was his responsibility to inform the Court of any address changes.  His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs.

Plaintiff has failed to abide by the orders of this Court due to his failure to attend the hearing or to keep the Court apprised of a current address.  The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists."  *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).  The record in Plaintiff's case supports such a finding.  Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint.  The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of October, 2015.

/s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE